[No. 12067.    Department Two.    January 4, 1915.]

EUGENE A. MUELLER, *by his Guardian etc., et al., Respondents*, v. GRAHAM B. DENNIS, *Appellant.*[1]

MASTER AND SERVANT—INJURIES TO SERVANTS—INEXPERIENCED EMPLOYEE—WARNING—DEFECTIVE APPLIANCES—EVIDENCE — SUFFICIENCY. The master is liable to an inexperienced elevator boy, injured by being caught through a peculiar action of the elevator in starting or stopping it, where it appears that he had no previous experience, and had used the elevator only two or three times before the accident, that he was only instructed that a certain pull on the cable would start it and an opposite pull would stop it; but there was evidence tending to show that its operation was peculiar, because it would start with a jerk, and frequently required several pulls in order to stop it, or would start of its own accord after being apparently stopped, of which facts he was not warned.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered August 20, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an elevator boy in handling an elevator.    Affirmed.

*Cullen, Lee & Matthews*, for appellant.

*Zent, Powell & Redfield*, for respondents.

MOUNT, J.—This is an action for personal injuries. The plaintiff recovered a judgment for $1,425 upon a verdict of a jury. The defendant has appealed.

The four assignments of error made in the brief are all based upon the question of the sufficiency of the evidence to take the case to the jury. According to the evidence on be-

[1]Reported in 145 Pac. 218.

half of the plaintiff, he was a boy a little over 18 years of age at the time of the injury. He was employed by the appellant to work at certain hours ·in an apartment house, owned and conducted by the appellant. A part of his duties consisted in assisting the janitor. At the time he was employed he was instructed to obey the janitor and do what the janitor told him to do.

There was a freight elevator in the building. This elevator was used only for freight. It was started and stopped by means of a cable. The janitor instructed the boy that to start the elevator it was necessary to give a certain pull on the cable, and that to stop the elevator it was necessary to pull upon the cable in the opposite direction. These were all the instructions given.

The plaintiff had made two or three trips on the elevator prior to the time he was hurt. He had never operated an elevator other than this one. The testimony of the boy who had preceded the plaintiff in his employment was to the effect that the operation of the· elevator was peculiar, because it would start with a jerk and frequently require several pulls in order to stop it. The plaintiff was not told of this fact.

On October 11, 1912, the janitor left the keys of the elevator with the plaintiff and told him to deliver certain packages to tenants at about three o'clock of that day. In obedience to this direction the plaintiff took some packages to the elevator in the basement, unlocked the door, laid the packages on a ledge between the door and the elevator shaft, and then brought the elevator cage which at that time was in the well below the basement floor to the level of the floor, and stopped it by giving a pull upon the cable. While he was stooping over to reach the packages and place them in the elevator cage, the cage started, caught him, and carried him partly in the cage to the top of the door, and there caught him and injured him.

If it is true that this elevator sometimes required two or three pulls on the cable in order to stop it, or that it would

sometimes start of its own accord after being apparently stopped, as the evidence of the plaintiff seems to indicate, it was, we think, clearly the duty of the defendant or the janitor who had charge of the building to instruct the boy of that fact.

It is contended by the appellant that there were no defects in the elevator, that it had been inspected and was in perfect order, and that the defendant had no knowledge of the peculiarity above mentioned. The appellant's evidence tended to show these facts. If this peculiarity existed, which was a question for the jury, it was also a question for the jury to say whether the defendant knew, or in the exercise of ordinary care should have known the fact. If he knew, or should have known, as the jury evidently concluded he did, it was negligence not to instruct the boy thereof. The boy was shown to be an intelligent boy for his age; but we think he was not required to take notice of a peculiarity such as this when he was inexperienced in the use of elevators, had not been told and did not know of the peculiarity, and had used the elevator but two or three times prior to the time he was hurt, and then did not observe the peculiarity. We are satisfied, therefore, that the court properly submitted the case to the jury.

The judgment is affirmed.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.